Argued June 2, affirmed August 12, 1971

McGUFFIN, *Appellant, v.* AHL, *Respondent.*

487 P2d 887

*David W. Dardano,* Portland, argued the cause for appellant. With him on the brief were John A. Pickard and Dardano & Mowry, Portland.

*Duane Vergeer,* Portland, argued the cause for respondent. On the brief were Vergeer, Samuels, Roehr & Sweek and Thomas Sauberli, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

DENECKE, J.

The jury returned a verdict for the defendant in a personal injury action. Plaintiff appeals, contending the trial court erred in denying plaintiff's motion for a new trial based upon the ground that the jury inadvertently learned that the plaintiff's hospital expenses had been paid by plaintiff's insurance company.

To support her claim of injury plaintiff had the hospital records brought into court. The first sheet, the Summary Sheet, had the notation "INSURANCE [printed] Aetna thru Farmers Group Plan [typed] 11-14-67 [penned]." (Plaintiff was admitted 10-30-67 and discharged 11-4-67.) Plaintiff sought her hospital expenses as an item of damage. The defendant observed this entry on the hospital record and stated he would have no objection to this first sheet being removed before the exhibit was submitted to the jury. All agreed on the removal. After the jury returned a verdict for the defendant and was excused plaintiff's counsel observed that the first sheet was a part of the exhibit which went to the jury and he moved for a new trial. The motion was denied.

. . Based upon the recollection of court and counsel it appears that after the discussion about the first page plaintiff's counsel believed the court was going to remove the offending page from the exhibit. When plaintiff offered the exhibit, however, and when it was received and later sent, along with the other exhibits, to the jury, the page had not been removed.

The trial court accepted responsibility for this inadvertence; however, this is counsel's ultimate responsibility and cannot be delegated. The plaintiff cannot claim as error the jury's receipt of this evidence when it was contained in an exhibit offered by the plaintiff.

Affirmed.